

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

86 Chambers Street
New York, New York 10007

July 7, 2014

**BY ECF**

Hon. Colleen McMahon
United States District Judge
Daniel P. Moynihan United States Courthouse
500 Pearl Street, Room 1640
New York, NY  10007

    Re:    *The New York Times Co. v. U.S. Department of Justice*, 11 Civ. 9336(CM)
             *ACLU v. U.S. Department of Justice*, 12 Civ. 794(CM)

Dear Judge McMahon:

       We write respectfully on behalf of defendants the U.S. Department of Justice, the U.S. Department of Defense, and the Central Intelligence Agency (collectively, the "government") in the above-referenced cases brought pursuant to the Freedom of Information Act ("FOIA"), in response to the Court's Order dated June 30, 2014.  The government respectfully requests an extension of time in which to respond to the Court's Order, as follows:  the government respectfully requests (1) until August 15, 2014, to complete its review and processing of the Office of Legal Counsel ("OLC") memoranda that are the subject of the Second Circuit's partial mandate, and to release to plaintiffs any documents or portions of documents that are determined to be releasable, and (2) until August 28, 2014, to file a motion for summary judgment addressing the bases for withholding any documents or portions of documents that the government has determined remain exempt from disclosure under FOIA, as well as the *in camera* submissions required under the Court's June 30 Order.

       In its June 30 Order, the Court directed that the government submit, within 21 days, unredacted copies of the OLC legal memoranda that are the subject of the Second Circuit's partial mandate dated June 23, 2014 (and entered on June 26, 2014), together with a memorandum under seal setting forth the government's position as to whether such memoranda may be withheld, in whole or in part, in light of the Second Circuit's rulings, and providing a list of and explanations for all proposed redactions.

       As the Court is aware, the OLC memoranda at issue include confidential legal advice and recommendations provided by OLC to high-level Executive Branch officials, concerning the legality of conducting targeted lethal operations against persons, including noncitizens as well as U.S. citizens, who are engaged in terrorism.  In order to respond to the Court's June 30 Order, the government will have to conduct a careful review of each of the OLC memoranda that are the subject of the Second Circuit's partial mandate, to determine whether any of those documents, or particular portions thereof, fall within the scope of the waiver found by the Second Circuit.

Importantly, the June 30 Order requires the government to undertake such a review not only for the OLC opinions identified on the classified OLC Vaughn index of records responsive to the ACLU FOIA request, but also for any other documents the government identifies as responsive to the two New York Times FOIA requests that were previously subject to a partial Glomar response, one of which is not limited to operations involving U.S. citizens.[1]  In addition, because these documents have not previously been reviewed or processed for potential release under FOIA, the government will have to determine whether the documents, or particular portions thereof, are exempt from disclosure under FOIA, including for reasons not addressed by the Second Circuit's decision.  This process will require substantial intra- and inter-agency coordination and review, given the highly confidential and classified nature of the documents. The government has begun this review process, but anticipates that it will need until August 15 to complete it.  Moreover, the Court's June 30 Order requires that the government provide a justification for the withholding of each document proposed for withholding in full, and each redaction in each document proposed for withholding in part.

We have conferred with plaintiffs, who consent to an extension of time of 21 days, or until August 11, for the government to submit the unredacted OLC memoranda and the sealed memorandum required by the June 30 Order.  Plaintiffs object to the government's filing of a summary judgment motion with regard to the OLC memoranda.  As we understand their objection, plaintiffs interpret the Court's June 30 Order to be limited to a review of the OLC memoranda for waiver, and they believe that any other issues regarding the OLC memoranda should be decided by this Court at a later point.  We understand that plaintiffs intend to submit a letter in response to this request.

The government believes it is both legally appropriate and in the interests of efficiency and judicial economy to decide all issues relating to the OLC memoranda at one time, in the context of a summary judgment motion.  First, while the Second Circuit's partial mandate calls for "in camera inspection and determination of waiver of privileges and appropriate redaction," no court has considered, and the government has not yet had an opportunity to demonstrate, the applicability of FOIA's exemptions to each of the documents at issue.  The Court's June 30 Order appears to contemplate that the government will review each document line-by-line and determine whether the document, or any portion thereof, need not be disclosed because there has not been a waiver of any applicable privilege or exemption.  This requires the government (and ultimately the Court) to make determinations both as to the applicability of privileges and exemptions and as to whether such privileges and exemptions have been waived under the Second Circuit's rulings.

Second, it would be highly inefficient for the Court to limit its review of the documents to the question of waiver, and defer to a later date the question whether FOIA's exemptions apply to those documents, or portions of documents, that are determined not to be within the scope of the waiver found by the Second Circuit.  In some instances, determining the proper scope of the waiver may be inextricably intertwined with the scope of the applicable FOIA exemptions.

---

[1] OLC previously asserted a Glomar response, refusing to confirm or deny the existence of responsive legal memoranda other than the OLC-DOD Memorandum.

Third, proceeding via summary judgment motion, which is the usual practice in FOIA cases, will allow plaintiffs an opportunity to respond to the government's motion and supporting materials (including a Vaughn index and declarations to support any withholdings). At the time of its motion, however, the government would still provide for *ex parte* and *in camera* review the submissions required by the June 30 Order.

We therefore respectfully request that the Court grant the government (1) until August 15, 2014, to review and process the OLC memoranda that are the subject of the Second Circuit's partial mandate, and provide any releasable documents, or portions thereof, to plaintiffs, and (2) until August 28, 2014, to file a motion for summary judgment with regard to any documents, or portions of documents, that the government determines to be exempt from disclosure under FOIA, and to provide the *in camera* submissions required by the June 30 Order. This is the government's first request for an extension of the deadline set forth in the June 30 Order.

We thank the Court for its consideration of this request.

Respectfully,

STUART DELERY  
Assistant Attorney General

PREET BHARARA  
United States Attorney for the  
Southern District of New York

By:    /s *Sarah S. Normand*

ELIZABETH SHAPIRO  
AMY POWELL  
Attorneys, Federal Programs Branch  
Civil Division, U.S. Department of Justice

SARAH S. NORMAND  
Assistant United States Attorney  
Telephone: (212) 637-2709  
sarah.normand@usdoj.gov

cc: Counsel for Plaintiffs-Appellants (via ECF)