

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

86 Chambers Street
New York, New York 10007

July 8, 2014

**BY ECF**

Hon. Colleen McMahon
United States District Judge
Daniel P. Moynihan United States Courthouse
500 Pearl Street, Room 1640
New York, NY  10007

    Re:    *The New York Times Co. v. U.S. Department of Justice*, 11 Civ. 9336(CM)
            *ACLU v. U.S. Department of Justice*, 12 Civ. 794(CM)

Dear Judge McMahon:

       We write respectfully on behalf of defendants the U.S. Department of Justice, the U.S. Department of Defense, and the Central Intelligence Agency (collectively, the "government") in the above-referenced cases brought pursuant to the Freedom of Information Act ("FOIA"), in response to plaintiffs' letter of today's date.  Plaintiffs now consent to the proposed August 15 deadline for the government to complete its review and processing of the Office of Legal Counsel ("OLC") memoranda that are the subject of the Second Circuit's partial mandate, and to release to plaintiffs any documents or portions of documents that are determined to be releasable. Plaintiffs object, however, to the government's proposal to submit a motion for summary judgment.  We respectfully submit this brief reply to plaintiffs' opposition.

       First, plaintiffs' charge that the government is seeking to delay this Court's implementation of the Second Circuit's partial mandate is unwarranted.  Plaintiffs consent to the requested extension of time to August 15, which is needed to complete the government's review and processing of the documents, and the government has proposed to submit its motion for summary judgment less than two weeks thereafter, by August 28.  Briefing on the motion could thereafter be expedited.  Plaintiffs do not explain how proceeding in this manner will cause any additional delay of the litigation compared to their proposal, unless their position is that they would not file an opposition to a government submission that focuses narrowly on the waiver issue as they propose.  Although the Court's June 30 Order does not explicitly call for the submission of an opposition, the burden of establishing official disclosure is on the plaintiffs, *Afshar v. Dep't of State*, 702 F.2d 1125, 1130 (D.C. Cir. 1983), *cited in Hudson River Sloop Clearwater, Inc. v. Dep't of* Navy, 891 F.2d 414, 421 (1989), and thus adversarial briefing is likely to be necessary regardless of how the government's submission is styled, and in either scenario the briefing can expedited.

       Second, while the Second Circuit directed that this Court conduct an *in camera* review of the documents to determine if any privileges or exemptions have been waived, as explained in the government's letter of July 7, in some instances, it may well be necessary for the Court to

Case 1:12-cv-00794-CM   Document 70   Filed 07/08/14   Page 2 of 2

Page 2

evaluate the proper application of the FOIA exemptions in order to determine the potential scope of the waiver. Contrary to plaintiffs' suggestion, moreover, the Court's task in implementing the Second Circuit's partial mandate is not simply to review the documents and order released any "legal 'analysis of the lawfulness of targeted killings.'" ACLU Ltr. at 3 (selectively quoting *New York Times v. Dep't of Justice*, 2014 WL 2838861, at *12 (2d Cir. June 23, 2014)). The Second Circuit ordered portions of the OLC-DOD Memorandum released based on its finding that certain legal analysis in that document had been officially disclosed in the context of an officially acknowledged operation involving Anwar al-Awlaki. In examining the remaining OLC memoranda, this Court similarly will need to consider the specific factual context in which each document was prepared, and determine whether the three-part test for official disclosure is met with respect each document, or portion thereof. *Wilson v. CIA*, 586 F.3d 171, 186 (2d Cir. 2009).[1]

Indeed, plaintiffs' opposition ignores the fact that the OLC memoranda at issue have not previously been reviewed and processed for potential release under FOIA, as they were the subject of a Glomar (as to the New York Times FOIA requests) or "no number, no list" (as to the ACLU FOIA request) response. Consequently, the withholding of the *contents* of these documents based on the FOIA exemptions is not subject to a pending motion by either party. Thus, the application of particular exemptions to those specific documents has never been briefed, or a factual record developed, and neither this Court nor the Second Circuit has had an opportunity to consider these issues. The government respectfully submits that it would be inappropriate for the Court to consider whether the documents are subject to release under FOIA in the absence of an adequate factual record addressing the specific documents at issue. This is the manner in which virtually every FOIA case proceeds, and the Court should not deviate from this well-established practice.

We thank the Court for its consideration of this submission.

Respectfully,

| | |
|---|---|
| STUART DELERY | PREET BHARARA |
| Assistant Attorney General | United States Attorney for the Southern District of New York |
| | By:   /s *Sarah S. Normand* |
| ELIZABETH SHAPIRO | SARAH S. NORMAND |
| AMY POWELL | Assistant United States Attorney |
| Attorneys, Federal Programs Branch | Telephone: (212) 637-2709 |
| Civil Division, U.S. Department of Justice | sarah.normand@usdoj.gov |

cc: Counsel for Plaintiffs-Appellants (via ECF)

---

[1] To the extent the Second Circuit panel questioned the "provenance" of *Wilson*, it did so in *dicta*. The panel had no authority to overrule an earlier decision of the Second Circuit, and in fact the panel reaffirmed that *Wilson* "remains the law of this Circuit." 2014 WL 2838861, at *16 n.19.