UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

THE NEW YORK TIMES COMPANY,
CHARLIE SAVAGE, and SCOTT SHANE,

                Plaintiffs,          11 Civ. 9336 (CM)

    -against-

UNITED STATES DEPARTMENT OF JUSTICE,

                Defendant.

------------------------------------------------------------x

AMERICAN CIVIL LIBERTIES UNION and
THE AMERICAN CIVIL LIBERTIES UNION
FOUNDATION,

                Plaintiffs,         12 Civ. 794 (CM)

    -against-

U.S. DEPARTMENT OF JUSTICE, including its
component the Office of Legal Counsel, U.S.
DEPARTMENT OF DEFENSE, including its
Component U.S. Special Operations Command,
and CENTRAL INTELLIGENCE AGENCY,

                Defendants.

------------------------------------------------------------x

## ORDER

McMahon, J.:

      The court has received two letters – one from the Government asking, in effect, that the Court withdraw its scheduling order, issued on June 30, 2014, and set a motion schedule for a "motion for summary judgment" addressing various issues, and one from the ACLU opposing the Government's request.

I agree with the ACLU.

The Second Circuit has issued a mandate directing this court to review certain legal opinions in camera, to determine "waiver of privileges and appropriate redactions….in light of" rulings already made by the Second Circuit that relate to waiver of privileges. Put otherwise, the Court of Appeals has directed this court to decide whether the Government has waived the right to assert any privileges – not to decide whether privileges are applicable. This court will not be entertaining arguments about the applicability of FOIA exemptions to the legal memoranda that the Government must produce before complying with the mandate. Instead, it will follow the mandate to the letter: I will analyze the legal memoranda that were not previously produced (either to this court or to the Second Circuit) to see if the Government has waived its right to invoke any FOIA exemptions. I will do that before I do anything else, and I will do it on the schedule I set.

There is no need to conduct any "careful review," let alone any "inter-agency review" before producing the documents in accordance with the mandate. The Circuit's order that they be produced for in camera inspection is clear and admits of no argument or exception. Frankly, the Government's bald assertion, in its letter of July 7, 2014, that *it* gets to decide "whether any of those documents, or particular portions thereof, fall within the scope of the waiver found by the Second Circuit" would be offensive if it were not so laughable. The Second Circuit directed *this court* to make that determination, in light of the rulings it has made. And so I shall.

The Government protests that it needs additional time to identify documents, review them and consult with other agencies before it complies with the mandate of the Second Circuit. But the Government has known that it was going to have to hand over the unproduced legal opinions for in camera inspection since the Court of Appeals issued it original opinion on April 21, 2014.

The Government decided not to fight that ruling prior to the confirmation of David Barron as a Judge of the United States Court of Appeals for the First Circuit, which occurred on May 22, 2014.[1] As of that date at the very latest, no one at the Department of Justice, the CIA or the Department of Defense could possibly have been under any misapprehension about the need to get the relevant documents together and prepare them for production. The Government should have started gathering the legal opinions and reviewing them, with whomever and in whatever manner was necessary, at least six weeks ago. I am unmoved by the suggestion that some sort of process needs to begin now – especially since no such process appears to be necessary; the Government has repeatedly represented that it has conducted a thorough review of all documents that respond to the plaintiffs' FOIA requests, and the mandate admits of no exception to producing *all* relevant legal opinions for in camera review.

This court has already settled on a procedure for conducting the in camera review necessitated by the mandate; the June 30 order explains that procedure to the parties. That process gives the Government an opportunity to explain, under seal and in camera, why it has not waived potentially applicable privileges with respect to all or any portion of the documents that the court is required to review. It also permits the Government to suggest other redactions that may be necessary before the opinions can be produced to plaintiffs. I expect the Government to comply with the procedure set by the Court.

The parties have apparently agreed to a short postponement of the date by which the Government must produce the documents contemplated by the mandate. I am agreeable to their chosen date, which is August 15, 2014.

---

[1] *See www.politico.com/.../feds-seek-extra-redactions-in-drone-memo-.*

Dated: July 9, 2014

_____

U.S.D.J.

BY ECF TO ALL COUNSEL