UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

| | |
|---|---|
| American Civil Liberties Union and The American Civil Liberties Union Foundation | 1:12-CV-00794-CM |
| Plaintiffs, | **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION** |
| -v- | |
| U.S. Department of Justice, including its component the Office of Legal Counsel, U.S. Department of Defense, including its component U.S. Special Operations Command, and Central Intelligence Agency | |
| Defendants. | |

------------------------------------------------------------- X

## Introduction

Plaintiffs American Civil Liberties Union and American Civil Liberties Union Foundation (together, the "ACLU") respectfully submit this Memorandum of Law in support of their Motion for Reconsideration of certain aspects of the Court's Decision on Remand with Respect to Issue (3). That ruling was signed by the Court on September 30, 2014 and was filed on the public docket in redacted form on October 31, 2014. Dist. Ct. Dkt. 90 ("Sept. 30 ruling").

The ACLU respectfully asks the Court to reconsider the Sept. 30 ruling insofar as that ruling was predicated on a determination that the ACLU had waived its right to seek release of information relating to the factual basis for the government's targeting of Anwar al-Aulaqi (the "Factual-Basis Information"), that the government's withholding of the Factual-Basis

Information was lawful; or that the Second Circuit resolved the question of whether the withholding of the Factual-Basis Information was lawful.[1]

## Procedural History[2]

In 2011, the ACLU filed a request under the Freedom of Information Act ("FOIA") seeking records relating to the government's "targeted killing" of American citizens ("Request"). After each of the defendant agencies had responded in one fashion or another to the Request and the ACLU had exhausted administrative appeals, the ACLU filed suit. Dist. Ct. Dkt. 1. The parties cross-moved for summary judgment, and on January 3, 2013 this Court entered summary judgment for the defendant agencies. Dist. Ct. Dkt. 33. *New York Times v. Dep't of Justice*, 915 F. Supp. 2d 508 (2013).

The ACLU appealed, and on April 21, 2014 the Second Circuit affirmed in part and reversed in part. *N.Y. Times v. U.S. Dep't of Justice*, 756 F.3d 100, 124 (2d Cir. 2014). The Court rejected the Office of Legal Counsel's ("OLC") contention that FOIA exempted it from having to enumerate or describe records responsive to the ACLU's request. It also concluded that legal analysis in a July 2010 OLC opinion ("July 2010 OLC-DOD Memorandum") had been officially acknowledged and it appended a redacted version of that memorandum to its publicly filed opinion. It ordered OLC to provide the ACLU with a redacted version of its classified *Vaughn* index and to submit "other legal memoranda" to this Court for *in camera* review. *Id.* at 124

---

[1] Local Rule 6.3 ordinarily requires that a motion for reconsideration be filed within fourteen days of the entry of judgment, but Plaintiffs did not receive the ruling at issue here until a month after the ruling was issued. Plaintiffs are filing this motion within fourteen days of the date the ruling was filed on the public docket.

[2] Plaintiffs discussed the procedural history of this case more comprehensively in their Memorandum in Support of Motion for Partial Summary Judgment filed with the Court on November 7, 2014. Dist. Ct. Dkt. 92. Here, Plaintiffs have included only a summary version, focusing on the procedural history most relevant to this Motion for Reconsideration.

("other legal memoranda prepared by the OLC and at issue here must be submitted to the District Court for *in camera* inspection and determination of waiver of privileges and appropriate redaction").

OLC provided this Court with ten OLC memoranda for *in camera* review on August 15, 2014, and provided the ACLU with a redacted version of its classified *Vaughn* index on September 12, 2014.

After undertaking an *in camera* review of the ten OLC memoranda, this Court issued the Sept. 30 ruling. That ruling upheld OLC's withholding in full of eight legal memoranda but ordered the disclosure of passages from two legal memoranda.

**Argument**

Under Local Rule 6.3, reconsideration will be granted only if the moving party can point to controlling decisions or data that the court overlooked—"matters, in other words, that might reasonably be expected to alter the conclusions reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Here, reconsideration is warranted because the Court's *in camera* review of the responsive OLC memoranda was apparently based on the incorrect premise that the ACLU had waived its right to seek release of the Factual-Basis Information; that the government's withholding of the Factual-Basis Information was lawful; or that the Second Circuit resolved the question of whether the withholding of the Factual-Basis information was lawful. The unredacted portions of the Court's Sept. 30 ruling suggest that the Court did not consider the extent to which the Factual-Basis Information contained in the OLC memoranda has been officially acknowledged in other settings.

The ACLU has not yet had an opportunity to brief the question of whether and to what extent the OLC memoranda contain Factual-Basis Information that has been officially

acknowledged. Indeed it was not until the Second Circuit ruled in April 21, 2014 that the ACLU first learned that one section of the OLC-DOD memo addressed the factual basis for the targeting of al-Aulaqi, and it was not until this Court issued its Sept. 30 ruling that the ACLU learned anything about the contents of other responsive OLC memoranda. While the ACLU noted in earlier briefs that the government had officially acknowledged certain facts about the targeted-killing program and the killing of al-Aulaqi, those arguments were directed principally at the OLC's no-number-no-list response—*i.e.*, at its contention that it should not be required to enumerate or describe records responsive to the ACLU's request.

Neither the Second Circuit nor this Court has considered the extent to which the OLC memoranda include Factual-Basis Information that has been officially acknowledged in other settings. The Second Circuit's analysis was focused entirely on a single memorandum—the OLC-DOD memo—and focused almost entirely on the extent to which *legal analysis* had been officially acknowledged. Even with respect to the OLC-DOD memo, the Court did not conduct an analysis of the extent to which the OLC had waived its right to withhold the Factual-Basis Information. It did not consider the contents of other OLC memos at all, because those memos had not been submitted to it. In other words, the Second Circuit conducted a narrow review, relating mainly to official acknowledgment of legal analysis, and its review was limited to a single document. The Second Circuit contemplated that this Court would conduct a broader review on remand. *See, e.g., N.Y. Times*, 756 F.3d at 121 n.20 ( "[a]fter the Government submits its classified *Vaughn* indices on remand, the District Court may, as appropriate, order the release of *any documents* that are not properly withheld" (emphasis added)).

Nor has this Court squarely considered the question. In its January 3, 2013 ruling, this Court held that the FOIA does not oblige the government to disclose operational details relating

to specific drone strikes. 915 F. Supp. 2d at 536.  Plaintiffs do not take issue with this holding. Plaintiff's FOIA request, however, seeks not operational details but rather the purported evidence on the basis of which the government concluded that al-Aulaqi was a legitimate target.  756 F.3d at 106, n.6. This is the same evidence that the government would have had to introduce in open court if al-Aulaqi had been charged with a crime—and, more to the point, it is information the government has officially acknowledged in multiple public settings. Plaintiffs will not burden the Court with duplicative briefing, but they respectfully refer the Court to pages 12-14 of their Memorandum in Support of Summary Judgment, in which they list the information that the government has officially acknowledged and identify specific instances in which the government acknowledged it. Dist. Ct. Dkt. 92, pp. 12-14 (discussing official disclosure of, *inter alia*, facts relating to al-Aulaqi's purported leadership role in al-Qaeda in the Arabian Peninsula; al-Aulaqi's purported role in directing the failed 2009 Christmas Day bombing; and the government's determination that al-Aulaqi was a legitimate target of lethal force).

For these reasons, Plaintiffs respectfully request that the Court reconsider its Sept. 30 ruling and re-review the OLC memoranda for the limited purpose of assessing the extent to which they contain officially acknowledged Factual-Basis Information.[3] While Plaintiffs recognize that re-reviewing the OLC memoranda will require the Court to spend additional time on a case that has already required substantial judicial resources, Plaintiffs respectfully submit that this Court's conducting a limited re-review of the memoranda would serve both fairness and efficiency. Again, the question of to what extent the OLC has waived its right to withhold the Factual-Basis Information has not been squarely resolved in this case; nor has the ACLU had a

---

[3] Because neither this Court nor the Second Circuit has assessed the extent to which the July 2010 OLC-DOD memorandum contains officially acknowledged Factual-Basis Information, Plaintiffs respectfully request that the Court also include that memorandum in its re-review.

meaningful opportunity to address it. Moreover, if this Court were to decline to re-review the OLC memoranda for the limited purpose of determining to what extent they contain Factual-Basis Information that has been officially acknowledged, nothing would prevent another organization or individual from filing a new FOIA request (and lawsuit) seeking that same information. The only result would be to delay the resolution of an issue in which there is extraordinary public interest.

## Conclusion

For the reasons above, Plaintiffs respectfully request that the Court re-review the OLC memoranda, including the July 2010 OLC-DOD memorandum, for the limited purpose of assessing the extent to which they contain Factual-Basis Information that has been officially acknowledged.

Dated:  November 13, 2014                     Respectfully submitted

                                                                                              DORSEY & WHITNEY LLP

                                                                                              By:   s/ Michael Weinbeck

                                                                                                 Eric A.O. Ruzicka (*pro hac vice*)
                                                                                                 ruzicka.eric@dorsey.com
                                                                                                 Colin Wicker (*pro hac vice*)
                                                                                                 wicker.colin@dorsey.com
                                                                                                 Michael Weinbeck (*pro hac vice*)
                                                                                                 weinbeck.michael@dorsey.com
                                                       50 South Sixth Street, Suite 1500
                                                       Minneapolis, MN 55402-1498
                                                       Telephone: (612) 340-2600
                                                       Fax: (612) 340-2868

Joshua Colangelo-Bryan
colangelo.bryan.josh@dorsey.com
51 West 52nd Street
New York, NY 10019-6119
Telephone: (212) 415-9200

*Attorneys for Plaintiffs*


AMERICAN CIVIL LIBERTIES UNION FOUNDATION

Jameel Jaffer
Hina Shamsi

125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
Fax: (212) 549-2654

*Attorneys for Plaintiffs*